**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

     Edith Farina,

     Debtor.

Order Filed on July 2, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 25-23144
Chapter 13
Hearing Date: August 12, 2026
Judge: Michael B. Kaplan

**ORDER TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED
AGAINST DEBTOR, INDIVIDUALLY, AND HER COUNSEL, ERIC LANDAU, ESQ**.

The relief set forth on the following page(s) is hereby ORDERED.

DATED: July 2, 2026

Honorable Michael B. Kaplan
United States Bankruptcy Judge

This matter comes before the Court pursuant to several filings by Debtor, Edith Farina ("Debtor"), in her chapter 13 bankruptcy case (Case No. 25-21344, the "Main Case"), and the related adversary proceeding (Adv. Pro. No. 26-01002, the "Adversary Proceeding").  Specifically, Debtor filed a Motion to Vacate Dismissal (ECF No. 28 in the Main Case); and two nearly identical motions filed in the closed adversary proceeding—one styled as a Motion to Vacate Dismissal, and the other as a Motion to Reopen (ECF Nos. 13 & 14, respectively, in the Adversary Proceeding).  This Court denied all motions in an Order dated June 26, 2026 (ECF No. 32 in the Main Case), and set forth the basis for its denial in a detailed Opinion (ECF No. 31).

In the Opinion, this Court explained that all Debtor's grounds for relief lacked merit, and many reflected a deep misunderstanding of civil procedure, bankruptcy procedure, and substantive law. Several of Debtor's contentions were belied by the factual record itself.  Finally—and most concerning—the Debtor denies any responsibility for the dismissal of her underlying bankruptcy case and the related adversary and, instead, casts blame on all other parties to the case—including, this Court, the state court, the Chapter 13 Trustee, and the Secured Creditors.  In this respect, Debtor alleges, among other things: conspiracy, fraud, breach of fiduciary duty, manipulation of the docket, obstruction of justice, theft of property, intentional misrepresentations and lies, and due process violations.  By way of example, the Court identifies the following from Debtor's pleadings:

Allegations Without Legal Basis:
- Debtor alleges that the "judgments" [referring to Orders of Dismissal] are void because they lack mandatory Findings of Fact and Conclusions of Law. *Omnibus Mot.* 1, ECF No. 28 in Case No. 25-23144.  Debtor does not develop this argument, and it is unclear what findings and conclusions—beyond the administrative failings identified in the Order of Dismissal—she believes were required.
- Debtor characterizes Bank of New York Mellon ("BNYM") as a "legal stranger" who is a "debt collector" without standing to be heard in this bankruptcy case.  However, case law firmly establishes that a secured creditor's lien survives bankruptcy regardless of whether a proof of claim is filed. *See Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (explaining that "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy") (citing *Long v. Bullard*, 117 U.S. 617, 620–21, 6 S. Ct. 917, 29 L.Ed. 1004 (1886)).
- Debtor asserts that this Court should not have considered the objection to confirmation raised by BNYM because it had not yet filed a proof of claim. *See, e.g. Omnibus Mot.* 10, ECF No. 28 in Case No. 25-23144; *Debtor's Decl.* ¶ 13, ECF No. 13-3 in Adv. Pro. No.

26-01002.  This allegation overlooks the fact that the deadline to file a proof of claim had not expired—a fact which Debtor concedes—and ignores binding Third Circuit case as confirming that a secured creditor is not required to file a proof of claim to protect its lien or to object to confirmation of a plan that improperly treats its secured claim. *In re Mansaray-Ruffin*, 530 F.3d 230, 236 (3d Cir. 2008).

- Debtor raises an inapplicable argument under *Katchen v. Landy*, 382 U.S. 323 (1966). *Omnibus Mot.* 10, ECF No. 28 in Case No. 25-23144.

- Debtor asserts that her adversary proceeding was successful against BNYM as a result of the entry of default against two of three defendants. *Omnibus Mot.* 10, ECF No. 28 in Case No. 25-23144; *Debtor's Decl.* ¶ 13, ECF No. 13-3 in Adv. Pro. No. 26-01002.  As explained in this Court's Opinion (ECF No. 32 in the Main Case), entry of default is a procedural matter and does not constitute a substantive ruling of any kind—let alone a ruling in her favor on the merits of Debtor's claims.

- Debtor contends that her Plan should have been confirmed—even without her Counsel present—because it should have been considered unopposed *Omnibus Mot.* 10, ECF No. 28 in Case No. 25-23144; *Debtor's Decl.* ¶ 14, ECF No. 13-3 in Adv. Pro. No. 26-01002. This contention ignores a debtor's responsibility to propose a confirmable plan, and the Court's duty to address any plan deficiencies—regardless of whether an objection has been filed.

Allegations Belied by the Record:

- Debtor alleges that no notice of the adjourned § 341 Meeting of Creditors was sent to her Counsel. *Omnibus Mot. 9*, ECF No. 28 in Case No. 25-23144; *Debtor's Decl.* ¶ 10, ECF No. 13-3 in Adv. Pro. No. 26-01002. Counsel's status as an electronic filer and the electronic record in this case contradicts this assertion.

- Debtor contends that she had no "notice that the bankruptcy even had a chance of being dismissed on 2/11/26." *Omnibus Mot. 11*, ECF No. 28.  As detailed in the Opinion (ECF No. 32 in the Main Case), Debtor received ample notice that failure to appear and/or confirm her bankruptcy plan could result in dismissal.

- Debtor asserts that, on March 26, 2026, the state court staff "request[ed] the [adversary] case be dismissed so the Foreclosure could proceed." *Omnibus Mot.* 14, ECF No. 28 in Case No. 25-23144; *Debtor's Decl.* ¶ 29, ECF No. 13-3 in Adv. Pro. No. 26-01002. However, the record establishes that the automatic stay terminated months prior on February 19, 2026 upon dismissal of the Main Case.  Therefore, the state-court Foreclosure could have proceeded regardless of the status of the Adversary Proceeding—its dismissal was not necessary to permit the state-court action to continue.

<u>Unsupported Allegations of Wrongdoing</u>:

- Debtor accuses the state court of committing a "profound assault on the sanctity of the American Judicial process," *Omnibus Mot.* 9, ECF No. 28; s*ee also Debtor's Decl.* ¶ 5, ECF No. 13-3 in Adv. Pro. 26-01002.

- Debtor contends the dismissal of her Chapter 13 bankruptcy case, alone, evidences the Chapter 13 Trustee's failure to protect her rights and the rights of the bankruptcy estate. *Omnibus Mot.* 6, 11, 16, ECF No. 28 in Case No. 25-23144; *Debtor's Decl.* ¶ 16, ECF No. 13-3 in Adv. Pro. 26-01002.

- Debtor accuses court staff (federal and state) of collusion and improper *ex parte* communication. *Omnibus Mot. 12,* 14, 16, ECF No. 28 in Case No. 25-23144; *Debtor's Decl.* ¶¶ 23, 29, ECF No. 13-3 in Adv. Pro. 26-01002.

- Debtor alleges that the state court law clerk "instructed the bankruptcy court clerk to vacate the default and dismiss the adversary proceeding[.]" *Omnibus Mot.* 12, ECF No. 28 in Case No. 25-23144; *Debtor's Decl.* ¶ 24, ECF No. 13-3 in Adv. Pro. 26-01002.

- Debtor accuses court staff of intentionally manipulating the docket in the Adversary Proceeding with the purpose of confusing and misleading those reviewing the docket. *Omnibus Mot.* 13-14, ECF No. 28 in Case No. 25-23144; *Debtor's Decl.* ¶¶ 25-28, ECF No. 13-3 in Adv. Pro. 26-01002.

- Debtor accuses the Trustee and the Secured Creditors of violating notice and disclosure requirements under 15 U.S.C. §§ 1692g(b) and 1641g, respectively. *Omnibus Mot.* 16, ECF No. 28 in Case No. 25-23144.

- Debtor accuses the Court of civil rights violations, Constitutional tort violations under 28 U.S.C. § 1983, criminal conspiracy under 18 U.S.C. §§ 241 and 242, and violations of 18 U.S.C. §§ 1961–1968 (the "Racketeer Influenced and Corrupt Organizations Act (RICO)"). *Omnibus Mot.* 16-17, ECF No. 28 in Case No. 25-23144.

Pursuant to FED. R. CIV. P. 11(b), litigants and attorneys appearing before this Court are obligated to ensure that factual contentions have evidentiary support and that legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  Pleadings must not be presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *See id.*  Under 28 U.S.C. § 1927, the Court is authorized to impose sanctions upon an attorney or litigant who unreasonably and vexatiously multiplies proceedings.  Finally, this Court may use its inherent powers to impose sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See, e.g. Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).

In light of the foregoing, it is hereby

ORDERED that Debtor, Edith M. Farina, and her Counsel, Mr. Eric S. Landau, are directed to appear before this Court on **August 12, 2026 at 11:30a.m.** to show cause as to why they each should not be sanctioned.  The Court is considering sanctions including, but not limited to, monetary sanctions and (as it relates to Counsel) suspension of CM/ECF filing privileges.  The Court will consider requests for in-person appearances; however, at this juncture, the hearing is to be undertaken remotely via Zoom using the standard Zoom Link for Judge Kaplan's Remote Hearings, which is available on Judge Kaplan's page on the Court's website: https://www.njb.uscourts.gov/content/honorable-michael-b-kaplan.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 25-23144-MBK |
| Edith M. Farina | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Jul 02, 2026 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol          Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 04, 2026:**

**Recip ID          Recipient Name and Address**
db          + Edith M. Farina, 35 Mahlon Court, Toms River, NJ 08753-2619

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 04, 2026                    Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 2, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Albert Russo | docs@russotrustee.com |
| Aleisha Candace Jennings | on behalf of Defendant New Rez LLC d/b/a Shellpoint Mortgage Servicing aleisha.jennings@mccalla.com mccallaecf@ecf.courtdrive.com |
| Aleisha Candace Jennings | on behalf of Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK  AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2007-8 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-8 aleisha.jennings@mccalla.com, mccallaecf@ecf.courtdrive.com |
| Eric S Landau | on behalf of Plaintiff Edith M. Farina ericslandau@gmail.com |
| Eric S Landau | on behalf of Debtor Edith M. Farina ericslandau@gmail.com |

District/off: 0312-3                         User: admin                                Page 2 of 2
Date Rcvd: Jul 02, 2026                      Form ID: pdf903                            Total Noticed: 1

Matthew K. Fissel
                        on behalf of Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK  AS TRUSTEE FOR THE
                        CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2007-8 MORTGAGE
                        PASS-THROUGH CERTIFICATES, SERIES 2007-8 bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com

U.S. Trustee
                        USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 7